HOWELL & HARDISTER v. W. C. JONES et al.

*Surety on Bail Bond—Justification—Notice—Liability of Sheriff as Special Bail.*

1. A bail bond should show on its face that the surety is a resident and freeholder within the State, or his justification should establish these facts.

2. A Sheriff who accepts an insufficient undertaking in arrest and bail proceedings, or who, after exceptions filed thereto by the plaintiff, fails to give notice of the time when and the place where the bail will justify, is liable as special bail to the plaintiff, and he will not be exonerated from liability by the fact that he acted in good faith in taking the insufficient bond, or by the fact that the plaintiff was near by and knew what was going on when an alleged justification was being made by the surety.

This was a proceeding in arrest and bail, in which it was sought to hold the Sheriff of Stanly County liable as special bail, heard before *Winston, J.,* at Spring Term, 1893, of STANLY Superior Court.

Neither the bail bond, on its face, nor the justification of the surety showed that the latter was a resident and freeholder within the State. The plaintiffs having, in due time, served notice of exceptions to the bail taken by the Sheriff, insisted that the Sheriff was liable because he failed, after service of the notice of exceptions, to give plaintiffs, or their attorneys, notice of the justification of bail or the taking of other bail. His Honor found the following facts:

" The plaintiffs had no written notice of the time and place of taking the bond of P. S. Jones, with H. C. Crowell as surety, nor of the justification of said surety; but the plaintiff Howell was in a very short distance of the said place at the time, and had knowledge of the same, but no written notice. The same evening the said Jones left the State. The next day exceptions to said bond were filed by the plaintiffs. Said bond was justified by said H. C. Crowell, before the Clerk of the Court, at which time the said Crowell informed the Sheriff of the facts set out in Crowell's affidavit, as follows:

"' H. C. Crowell makes oath that at the time he signed the bond the Sheriff inquired what property he owned. He stated to the Sheriff that he was the owner of certain property, viz.: One sixty-horse-power boiler and engine, and a ten-stamp mill, which is reasonably worth $2,000; and that affiant has the same in his possession, and claiming to own it, and that the title to the same has not been settled, and affiant still claims the same, and says that he has not lost it. That there were no conditions stated to the Sheriff as to this affiant's justification of the bond, except that the only contest about the property was that the plaintiffs claimed to attach the same as the property of W. C. Jones; but that said

W. C. Jones was not the owner of said property; but that the same is the property of this affiant, except the sum of $200 owed to Henry A. Judd.'

" He also stated to the Sheriff that he. had other property, both real and personal, amounting to almost $1,000, and personal property worth $300 or $400. He did tell the Sheriff that unless the engine, etc., was his he could not justify, but that he claimed the same as his and does claim it still, and did justify accordingly.

" After notice of such exceptions the Sheriff failed to notify plaintiffs or their attorney, of the justification of bail, or giving of other bail.

" That execution has since issued against said surety and been returned, ' No goods to be found.' From the foregoing the Court adjudges that the said Sheriff acted in good faith, and that he cannot be held liable in this action."

Thereupon the plaintiffs appealed.

*Messrs. Brown & Jerome*, for plaintiffs (appellants).
*Messrs. Robbins & Long*, for defendants.

BURWELL, J.: We do not think that the facts found by his. Honor justify the conclusion that the defendant Sheriff is not liable to plaintiffs as special bail, according to the provisions of section 313 of *The Code.*

The defendant was not to be discharged from arrest until he had given bail or deposited the amount mentioned in the order. *The Code*, § 298. No one but "a resident and freeholder within the State" is qualified to act as such bail. The Sheriff should not have accepted an undertaking that did not show on its face that the surety thereon had those qualifications, or if he did so, he should have required that the surety's justification should have established those facts. It was most reasonable that plaintiffs should except to such an undertaking. When notified by plaintiffs that they excepted to the

undertaking given by defendants, it was his duty to give notice to plaintiffs as required in section 305. The evident intent of the statute is that it shall be a written notice, in which shall be mentioned the time when and the place where the bail will justify. It is not found that any such notice, oral or written, was given to plaintiffs. The fact that one of the plaintiffs was near the place where the alleged justification took place and knew what was doing there, cannot, we think, exonerate the Sheriff from liability. This second omission of duty prescribed for him by the law confirmed his liability to plaintiffs as special bail. He failed to carry out the plain mandates of *The Code*, made for his guidance and the protection of plaintiffs' rights, and the "good faith" with which he acted cannot shield him from liability.

We confine ourselves to the consideration of the facts found by his Honor. It was unnecessary to send up in the record the various affidavits offered by the parties, since we cannot examine them to ascertain other facts that might tend to the Sheriff's exoneration. Error.